**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JINGPING CHEN,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br><br>Respondents. | Civil Action No. 25-17198 (GC)<br><br>**OPINION** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court on the counseled petition (Petition) for a writ of habeas corpus under 28 U.S.C. § 2241 (§ 2241) (ECF No. 1) filed by Petitioner Jingping Chen. According to the Petition, Petitioner is a native and citizen of the People's Republic of China, who is currently confined as an immigration detainee at Delaney Hall Detention Facility in Newark, New Jersey. (*Id.* ¶¶ 1, 19.) Petitioner names as Respondents (in their official capacities): Luis Soto, Director of Delaney Hall; Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); Kristi Noem, Secretary of the U.S. Department of Homeland Security ("DHS"); and Pam Bondi, US Attorney General. (ECF No. 1 at 1.) Respondents answered the Petition (ECF No. 4), and Petitioner filed a reply (ECF No. 5). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Petition is **GRANTED** to the extent that Petitioner seeks an order requiring Respondents to provide him with a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). Within seven (7) days of the date of

entry of the accompanying Order, Respondents shall provide Petitioner with an individualized bond hearing in accordance with § 1226(a) before an IJ who shall assess whether Petitioner presents a flight risk or a danger to the community. Within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about July 11, 2023, officers encountered Petitioner in California and determined that he unlawfully entered the United Sates without permission or parole on or about July 10, 2023. (ECF No. 4-1 at 1; ECF No. 4-2 at 2.) On July 11, 2023, DHS served a Notice to Appear ("NTA") under 8 U.S.C. § 1229a, charging Petitioner as an alien present in the United States who has not been admitted or paroled and is subject to removal as an inadmissible alien under 8 U.S.C. § 1182(a)(6)(A)(i).[1] (ECF No. 4-1 at 1-2.) The next day Petitioner was released on his own recognizance pursuant to 8 U.S.C. § 1226 under certain conditions, including that he surrender for removal from the United States. (ECF No. 4 at 6 (citing ECF No. 4-3).)

On October 25, 2025, Petitioner appeared for an ICE check-in at 26 Federal Plaza, New York, New York.[2] (Pet. ¶ 19; ECF No. 4-2 at 2.) At this check-in, ICE officers took Petitioner into custody. (ECF No. 4-2 at 2.) By the time he was taken into custody, Petitioner had been continuously present in this country for approximately two years, and he has no criminal record. (*Id.*; Pet. ¶ 18.) A master calendar hearing before the IJ was scheduled for December 3, 2025. (ECF No. 4-4.)

---

[1] According to Petitioner, upon information and belief, Petitioner was served the NTA on June 12, 2024. (ECF No. 1 ¶ 16.)

[2] Petitioner asserts that he timely filed an asylum application with the immigration court, which remains pending. (ECF No. 1 ¶ 17.)

Petitioner filed the instant habeas Petition on November 5, 2025. (ECF No 1.) In a Memorandum and Order entered on November 10, 2025, the Court ordered that Petitioner shall not be transferred from the District of New Jersey pending further order of this Court and that Respondents shall file a full and complete answer to the Petition within twenty-one (21) days of the date of entry of the Memorandum and Order.[3] (ECF No. 2 at 2.) Respondents answered the Petition on December 1, 2025 (ECF No. 4), and Petitioner replied on December 8, 2025 (ECF No. 5).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241, habeas relief may be granted if an individual "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam). "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States. U.S. Const., Art. I, § 9, cl. 2." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). A habeas petitioner has "the burden of sustaining his allegations by a preponderance of evidence." *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DISCUSSION

The Court must decide whether Petitioner is subject to immigration detention under 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). Petitioner argues that he is subject to discretionary detention under § 1226(a) and that, pursuant to this statutory provision, he is eligible for a bond hearing before the IJ. (ECF No. 1 ¶¶ 3. 31); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at

---

[3] On November 13, 2025, the United States Attorney's Office notified the Court that, on November 11, 2025, ICE transferred Petitioner to the Buffalo Service Processing Center in Buffalo, New York. (ECF No. 3 at 1.) Petitioner's counsel informed the office of the transfer, and Petitioner was returned to Delaney Hall by November 13, 2025. (*Id.*)

the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236(d)(1))). According to Respondents, Petitioner is properly detained under § 1225(b)(2)(A), which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained' for a removal proceeding." (ECF No. 4 at 6-12.) As Respondents note, the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (2025), recently interpreted § 1225(b)(2)(A) to require the detention of noncitizens who are present in the United States without admission. (*Id.* at 6, 8.) For the following reasons, the Court agrees with Petitioner that he is entitled to a bond hearing and rejects Respondents' interpretation of the detention provisions.

"The vast majority of courts confronting this precise issue have rejected [R]espondents' interpretation, and the BIA's interpretation in *Hurtado*, as contradictory to the plain text of § 1225." *Perez v. Lyons*, No. 25-17186, 2025 WL 3228540, at *2 (D.N.J. Nov. 19, 2025) (footnote omitted) (collecting cases). In fact, to date, every court in this District to have considered this issue has rejected Respondents' expansive interpretation of § 1225(b)(2)(A).[4] The Court is

---

[4] *See Tene Sislema v. Soto*, No. 25-17204, 2025 WL 3496749, at *1-2 (D.N.J. Dec. 5, 2025); *Lliguicota v. Cabezas*, No. 25-17126, 2025 WL 3496300, at *1-2 (D.N.J. Dec. 5, 2025); *Perez Silva v. Soto*, No. 25-16577, 2025 WL 348568, at *4-5 (D.N.J. Dec. 4, 2025); *Patel v. Soto*, No. 25-17096, 2025 WL 3485716, at *1 (D.N.J. Dec. 4, 2025); *Lemu v. Soto*, No. 25-17098, 2025 WL 3470298, at *1-3 (D.N.J. Dec. 3, 2025); *Diaz Rudecindo v. Florentino*, No. 25-16942, 2025 WL 3470299, at *2-4 (D.N.J. Dec. 3, 2025); *Ulloa v. Bondi*, No. 25-17316, 2025 WL 3470307, at *1-2 (D.N.J. Dec. 3, 2025); *Rivas Rodriguez v. Rokosky*, No. 25-17419, 2025 WL 3485628, at *1-3 (D.N.J. Dec. 3, 2025); *Sutuj v. Noem*, No. 25-17169, 2025 WL 3461508, at *1 (D.N.J. Dec. 1, 2025); *Chiquito Barzola*, No. 25-17326, 2025 WL 3443487, at *1-2 (D.N.J. Dec. 1, 2025); *Kaly Bah v. Soto*, No. 25-17337, 2025 WL 3295569, at *1 (D.N.J. Nov. 26, 2025); *Mejia v. Cabezas*, No. 25-17094, 2025 WL 3294405, at *2 (D.N.J. Nov. 26, 2025); *Ochoa Molina v. Soto*, No. 25-16880, 2025 WL 3281820, at *2–3 (D.N.J. Nov. 25, 2025); *Garcia-Alvarado v. Warden*, No. 25-16109, 2025 WL 3268606, at *2–3 (D.N.J. Nov. 24, 2025); *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445, at *2–3 (D.N.J. Nov. 21, 2025); *Valasquez-Gomez v. Soto*, No. 25-17327, 2025 WL 3251443, at *1–3 (D.N.J. Nov. 21, 2025); *Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025); *Sandhu v. Tsoukaris*, No. 25-14607, 2025 WL 3240810, at *3–6 (D.N.J. Nov. 20, 2025); *Vasquez Lucero v. Soto*, No. 25-16737, 2025 WL 3240895, at *1–2 (D.N.J. Nov.

persuaded by the reasoning of these courts and concludes that § 1226(a)—not § 1225(b)(2)(A)—applies to Petitioner's detention. *See Perez*, 2025 WL 3238540, at *2.

For example, "[i]n [*Rivera*, 2025 WL 2753496, at *7-9], the District Court analyzed the plain language of 8 U.S.C. § 1225(b)(2)(A) and found that it applies only to noncitizens who are inspected by immigration officials at or near the border or its functional equivalent and not to noncitizens who entered the United States without admission or inspection and were arrested within the interior of the United States." *Mejia*, 2025 WL 3294405, at *2. In addition, as the *Mejia* court observed:

> The District Court [in *Zumba*] noted that "for nearly 30 years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to those aliens arrested within the interior of the United States" and observed that the Supreme Court in *Jennings v. Rodriguez*, 583 U.S. 281 (2018) "explicitly adopt[ed] this distinction, describing § 1225 as the detention statute for noncitizens affirmatively 'seeking admission' into the United States, and § 1226 as the detention statute for noncitizens who are 'already in the country.'" [*Zumba*, 2025 WL 2753496, at *9] (citing *Jennings*, 583 U.S. at 289). The District Court in [*Zumba*] further held that the petitioner, who was arrested by ICE in the interior of the United States and had no criminal history, could only be discretionarily detained under 8 U.S.C. §

---

20, 2025); *Perez*, 2025 WL 3238540, at *1–3; *Illescas v. Chu*, No. 25-17273, 2025 WL 3216850, at *1–2 (D.N.J. Nov. 18, 2025); *Sandoval v. Rokosky*, No. 25-17229, 2025 WL 3204746, at *2 (D.N.J. Nov. 17, 2025); *Da Silva v. Laforge*, No. 25-17095, 2025 WL 3173859, at *1 (D.N.J. Nov. 13, 2025); *Guaman Naula v. Noem*, No. 25-16792, 2025 WL 3158490, at *3–4 (D.N.J. Nov. 12, 2025); *Vicens-Marquez v. Soto*, No. 25-16906, 2025 WL 3097496, at *1–2 (D.N.J. Nov. 6, 2025); *Lopez v. Noem*, No. 25-16890, 2025 WL 3101889, at *2–3 (D.N.J. Nov. 5, 2025); *Ramos v. Rokosky*, No. 25-15892, 2025 WL 3063588, at *3–9 (D.N.J. Nov. 3, 2025); *Mboup v. Field Office Director of N.J. Immigr. & Customs Enf't*, No. 25-16882, 2025 WL 3062791, at *1–2 (D.N.J. Nov. 3, 2025); *Ayala Amaya v. Bondi*, No. 25-16428, 2025 WL 3033880, at *2–3 (D.N.J. Oct. 30, 2025); *Patel v. Almodovar*, No. 25-153045, 2025 WL 3012323, at *2–4 (D.N.J. Oct. 28, 2025); *Maldonaldo v. Cabezas*, No. 25-13004, 2025 WL 2985256, at *3–6 (D.N.J. Oct. 23, 2025); *Lomeu v. Soto*, No. 25-16589, 2025 WL 2981296, at *4–9 (D.N.J. Oct. 23, 2025); *Lopez v. Soto*, No. 25-16303, 2025 WL 2987485, at *3 (D.N.J. Oct. 23, 2025); *Bethancourt Soto v. Soto*, No. 25-16200, 2025 WL 2976572, at *2–8 (D.N.J. Oct. 22, 2025); *Buestan v. Chu*, No. 25-16034, 2025 WL 2972252, at *1 (D.N.J. Oct. 21, 2025); *Castillo v. Lyons*, No. 25-16219, 2025 WL 2940990, at *1 (D.N.J. Oct. 10, 2025); *Zumba*, 2025 WL 2753496, at *4–11.

> 1226(a), which provides for individualized bond hearings before an immigration judge who must assess flight risk and dangerousness. *See id.* at *6, *11. . . .

*Id.; see also Vasquez Lucero*, 2025 WL 3240895, at *5 (same). This Court agrees with *Zumba* (and *Mejia*). *See Mejia*, 2025 WL 3294405, at *2 ("The Court is persuaded by the District Court's reasoning in [*Zumba*]."); *Vasquez Lucero*, 2025 WL 3240895, at *5 (same).

Petitioner entered the United States in July 2023, has been present in the United States since his entry, has no criminal record, and was arrested by ICE in October 2025 when he reported for a routine check-in in the interior of the United States. (*See* ECF No. 4 at 5-6.) In fact, the July 11, 2023 NTA identifies Petitioner as "an alien present in the United States who has not been admitted or paroled." (ECF No. 4-1 at 1.) "Notably, the issuing officer appears to have explicitly declined to designate Petitioner as an 'arriving alien,' which is the active language used to define the scope of section 1225(b)(2)(A)." *Garcia-Alvarado*, 2025 WL 3268606, at *3 (quoting *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025)). Courts have given significant weight to how respondents have treated the petitioner in determining which statutory provision governs the petitioner's detention, and in this case, ICE's designation of Petitioner as an alien present in the United States confirms that Respondents did not treat Petitioner as subject to mandatory detention pursuant to § 1225(b)(2)(A). *See Bethancourt Soto*, 2025 WL 2976572, at *6 n.3.

Furthermore, on July 11, 2023, Petitioner was released pursuant to § 1226. (*See* ECF No. 4-3 at 1.) "Such a release on recognizance is not 'humanitarian' or 'public benefit' 'parole into the United States' under §§ 1225 and 1182(d)(5)(A), but rather a form of 'conditional parole' from detention, authorized under § 1226." *Patel*, 2025 WL 3012323, at *3 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025)). Accordingly, "DHS has consistently treated

6

Petitioner as subject to detention on a discretionary basis under § 1226(a)," which defeats Respondents' new position that a different statutory provision applies to Petitioner's detention. *Id.* (quoting *Lopez Benetiz*, 795 F. Supp. 3d at 498).

In his reply, Petitioner argues that the proper remedy for the violation of his constitutional due process rights is immediate release from detention. (ECF No. 5 at 7-8.) According to Petitioner, he was already found not to be a danger to the community or a risk of flight when he was released on his own recognizance in 2023; Respondents do not allege that he violated any terms of his release, is a danger to the community, or a flight risk (and in fact he was suddenly re-detained when he reported for his required check-in); given the circumstances, Petitioner should not be required to "jump through additional administrative hurdles" because he should not have been re-detained in the first place; and any bond hearing would merely prolong his detention and require him to expend additional resources to support evidence in support of his inevitable release. (*Id.* at 8.)

As Petitioner notes (*id.* at 7), "some courts have ordered immediate release, *see, e.g.*, *Zumba*, 2025 WL 2753496, at *11." *Diaz Rudicendo*, 2025 WL 3470299, at *4. However, Petitioner also acknowledges that § 1226(a) "normally affords noncitizens a bond hearing before an [IJ]," and "some courts have found that the appropriate remedy is a bond hearing." (ECF No. 5 at 1-2.) As the *Diaz Rudicendo* and *Ramos* courts observe, "Petitioner 'is subject to the terms of § 1226(a),' and 'the appropriate relief in this matter is therefore a statutorily proper bond hearing pursuant to § 1226(a).'" *Id.* (quoting *Ramos*, 2025 WL 3251447, at *1). "Although the Government does not have authority to detain Petitioner without bond under § 1225(b), under 8 U.S.C. § 1226(a), an alien may be detained so long as [he or] she is provided a bond hearing upon request at which [he or] she can secure release by showing by a preponderance of the evidence

7

that [he or] she is neither a danger nor a flight risk."[5]  *Ramos*, 2025 WL 3251447, at *1 (citing *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278–79 (3d Cir. 2018)); *see also Patel*, 2025 WL 3012323, at *1-4 (ordering bond hearing where, like Petitioner here, the petitioner was re-detained following his release on his own recognizance under § 1226).

For the foregoing reasons, the Court grants the Petition to the extent that Petitioner seeks an order requiring Respondents to provide him with a bond hearing before an IJ pursuant to § 1226(a). *See Perez*, 2025 WL 3238540, at *1.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** the Petition to the extent that Petitioner seeks an order requiring Respondents to provide him with a bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a). Within seven (7) days of the date of entry of the accompanying Order, Respondents shall provide Petitioner with an individualized bond hearing in accordance with § 1226(a) before an IJ who shall assess whether he presents a flight risk or a danger to the community. Within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court.

An appropriate Order will be entered.

*[Signature]*
Georgette Castner
United States District Judge

Dated: December 9, 2025

---

[5] Petitioner alternatively requests that, if the Court orders a bond hearing, it should place the burden on the Government to prove by clear and convincing evidence at the hearing that Petitioner is a danger to the community or a flight risk. (ECF No. 5 at 8-9.) However, Petitioner does not cite to any cases from this District entering such an order.

8